IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

WILLIAM JOSEPH WEBB, JR.,          )
                                   )
            Plaintiff,             )
                                   )
      v.                           ) Civil Action No. 06-734 GMS
                                   )
GOVERNOR RUTH ANN MINNER,          )
DIRECTOR JAIME H. RIVERA, CHIEF    )
MARVIN NEWTON, WARDEN RAFAEL       )
WILLIAMS, COMM. STANLEY W.         )
TAYLOR, SUPERVISOR PAUL            )
PACECO, JANE DOE(S), and JOHN      )
DOE(S),                            )
                                   )
            Defendants.            )

## MEMORANDUM

The plaintiff William Joseph Webb, Jr. ("Webb"), a prisoner incarcerated at the Delaware

Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was

granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The court

now proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the complaint will be dismissed without prejudice for

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)

and § 1915A(b)(1). Webb is given leave to amend the complaint.

## I. THE COMPLAINT

Webb alleges that the defendants Governor Ruth Ann Minner ("Governor Minner"),

Director of Health and Human Services Jaime Rivera ("Rivera"), Chief Plumbing Inspector

Marvin Newton ("Newton"), Warden Rafael Williams ("Warden Williams"), former

Commissioner Stanley W. Taylor ("Taylor"), and John and Jane Doe(s) were "advised of the

contaminated water lines at the former Gander Hill Prison as well as the materials used to

contaminate the water" and failed to protect the safety of the inmates from a serious public health

hazard. (D.I. 2 ¶¶ 1, 2, 3, 4, 5, 7.) Webb also alleges that Maintenance Supervisor Paul Paceco

("Paceco"), the overseer of construction at Dorms 1 and 2 at the former Gander Hill Prison

forced Daniel M. Woods[1] to use 50/50 solder that contaminated the water lines. *Id.* at ¶ 6. Webb

seeks compensatory and punitive damages for being exposed to lead poisoning/contamination

and injunctive relief providing for rehabilitation and medical costs for "those who need it",

removal of the water lines, and a transfer to an outside hospital for medical testing due to

"current medical problems within Delaware's institutions." (D.I. 2 at 3-4.)

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal

under certain circumstances. When a prisoner seeks redress from a government defendant in a

civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28

U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any

time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant immune from such relief.

*Pro se* complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404

U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint

and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d

---

[1]Daniel M. Woods is also an inmate within the Delaware Department of Correction. He has filed his own lawsuit on the issue of contaminated water, *Seawright v. Williams*, Civ. Action No. 05-576-***. Woods attempted to add Webb as a plaintiff to his lawsuit, but failed to obtain Webb's signature and the motion was denied. *Id.* at D.I. 55.

Cir. 1996)(citing *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993)). An action is

frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S.

319, 325 (1989), and the claims "are of little or no weight, value, or importance, not worthy of

serious consideration, or trivial." *Deutsch v. United States*, 67 F.3d 1080, 1083 (3d Cir. 1995).

Additionally, a *pro se* complaint can only be dismissed for failure to state a claim when "it

appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.'" *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972)(quoting *Conley v.

Gibson*, 355 U.S. 41, 45-46 (1957)).

## III. ANALYSIS

A condition of confinement violates the Eighth Amendment only if it is so reprehensible

as to be deemed inhumane under contemporary standards or such that it deprives an inmate of

minimal civilized measure of the necessities of life. *See Hudson v. McMillian*, 503 U.S. 1, 8

(1992); *Wilson v. Seiter,* 501 U.S. 294, 298 (1991). When an Eighth Amendment claim is

brought against a prison official it must meet two requirements: (1) the deprivation alleged must

be, objectively, sufficiently serious; and (2) the prison official must have been deliberately

indifferent to the inmate's health or safety. *Farmer v. Brennan,* 511 U.S. 825, 834 (1994).

A civil rights complaint must state the conduct, time, place, and persons responsible for

the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing

*Boykins v. Ambridge Area Sch. Dist.,* 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State

Police,* 570 F.2d 86, 89 (3d Cir. 1978)). The complaint makes no allegations that Webb

sustained an injury. While the prayer for relief asks for damages for "being exposed to lead

poisoning/contamination," the complaint does not indicate that Webb was injured in any way as a

3

result of the alleged exposure. Further, the complaint does not indict when the alleged conduct by the defendants took place or when the alleged exposure took place. The claims as currently presented, lack an arguable basis in law or in fact and therefore, the court will dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## IV.    CONCLUSION

For the above stated reasons the court finds that the complaint fails to state a claim upon which relief may be granted. Webb will be given leave to amend. An appropriate order will be entered dismissing the case.

UNITED STATES DISTRICT JUDGE

May 4 , 2007
Wilmington, Delaware

FILED

MAY - 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 06-734 GMS |
| | ) |
| GOVERNOR RUTH ANN MINNER, | ) |
| DIRECTOR JAIME H. RIVERA, CHIEF | ) |
| MARVIN NEWTON, WARDEN RAFAEL | ) |
| WILLIAMS, COMM. STANLEY W. | ) |
| TAYLOR, SUPERVISOR PAUL | ) |
| PACECO, JANE DOE(S), and JOHN | ) |
| DOE(S), | ) |

**ORDER**

At Wilmington this 4ᵗʰ day of May, 2007, for the reasons set forth in the

Memorandum issued this date

     1.     The complaint is DISMISSED without prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1).

     2.     The plaintiff is given leave to amend the complaint. The amended complaint shall

be filed within **thirty days** from the date of this order. If an amended complaint is not filed

within the time allowed, then the case will be closed.

                                                                  _____
                                                       UNITED STATES DISTRICT JUDGE



FILED

MAY - 4 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE