IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM JOSEPH WEBB, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-734 GMS |
| ) | |
| GOVERNOR RUTH ANN MINNER, ) | |
| ATTORNEY GENERAL CARL ) | |
| DANBERG, CORRECTIONAL ) | |
| MEDICAL SERVICES, DIRECTOR ) | |
| JAIME H. RIVERA, CHIEF MARVIN ) | |
| NEWTON, WARDEN RAFAEL ) | |
| WILLIAMS, COMMISSIONER ) | |
| STANLEY W. TAYLOR, SUPERVISOR ) | |
| PAUL PACECO, JOHN AND JANE ) | |
| DOE(S), and WARDEN SHERESE CARR, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

The plaintiff, William Joseph Webb, Jr. ("Webb"), a prisoner incarcerated at the Delaware Correctional Center, filed this lawsuit pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 6.) The original complaint was dismissed and Webb was given leave to amend. (D.I. 10.) He timely filed an amended complaint. The court now proceeds to review and screen the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A.

For the reasons discussed below, the claims against the defendants Governor Ruth Ann Minner, Director Jaime H. Rivera, Chief Marvin Newton, Commissioner Stanley W. Taylor, and Correctional Medical Services will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Webb will be allowed to proceed against the defendants

Warden Rafael Williams, Supervisor Paul Paceco, John and Jane Doe(s), and former Warden Sherese Carr.

## I. BACKGROUND

Webb, who is currently housed at the DCC, alleges that he was housed at Gander Hill Prison[1] ("Gander Hill"), Wilmington, Delaware, in Dorm 1 from February 23, 1997 until February 5, 1998. (D.I. 11, ¶ 1, 4.) Webb alleges during this time period, the defendants Rafael Williams ("Williams") and Sherese Carr ("Carr") were the acting deputy warden and acting warden, respectively, at Gander Hill. *Id.* at ¶ 4. Webb alleges that pipes installed at Gander Hill in 1994 and 1995 exposed inmates to lead poisoned water lines. *Id.* at ¶ 9. Webb alleges it was not until April 2006 that he learned the water lines in Dorms 1 and 2 had been intentionally contaminated by 50/50 lead solder. *Id.* at ¶ 1.

Webb alleges that in 2005 and 2006, the defendants Governor Ruth Ann Minner ("Governor Minner"), Director of Health and Human Services Jaime Rivera ("Rivera"), Chief Plumbing Inspector Marvin Newton ("Newton"), former Attorney General Carl Danberg ("Danberg"), and former Commissioner Stanley W. Taylor ("Taylor") were advised of the contaminated water lines at the former Gander Hill Prison, but failed to protect the safety of the inmates from a serious public health hazard. (D.I. 11 ¶¶ 1, 2, 3, 5, 8.) Webb also alleges that Maintenance Supervisor Paul Paceco ("Paceco"), who oversaw the construction at Gander Hill forced Daniel M. Woods[2] to use 50/50 solder that contaminated the water lines. *Id.* at ¶ 8.

---

[1] The facility is currently known as the Howard R. Young Correctional Institution ("HRYCI").

[2] Daniel M. Woods is also an inmate within the Delaware Department of Correction. He has filed his own lawsuit on the issue of contaminated water, *Seawright v. Williams*, Civ. Action

Webb alleges he was exposed to lead poisoning/contamination. He alleges damage to his body and possibly "brain shrinkage." (D.I. 11, ¶ 4, 6.) With regard to his medical condition, Webb alleges he filed a sick call slip with Correctional Medical Services ("CMS") requesting testing for lead levels, but only a blood test was performed. *Id.* at ¶ 7. Finally, Webb alleges the actions of John and Jane Doe(s) deprived him of the opportunity to have proper tests performed to see if his ailment is the result of lead poisoning.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief.

In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v Colley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus,* –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Additionally, a complaint must contain "'a short and plain statement of the claim

---

No. 05-576-***. The court will consider consolidating the present case with Civ. Action No. 05-576-*** once the defendants have been served in the present case.

showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957). A complaint does not need detailed factual allegations, however "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Because Webb proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

### III. DISCUSSION

#### A. Standing

Paragraphs 1, 2, 3, 5, and 9 are brought against the defendants Governor Minner, Rivera, Newton, Danberg, and Taylor, and allege these defendants have failed to protect inmates at the former Gander Hill Prison (i.e., HRYCI), from "a serious public health hazard being lead poisoning/contaminated water lines." Webb complains of the foregoing defendants' failure to act at the HRYCI after he were contacted them in 2005 and 2006 regarding the alleged lead contamination. At that time Webb was no longer housed there. Hence, the alleged inactions of the foregoing defendants would not have affected Webb. Further, Webb, who is housed at DCC, lacks standing to assert claims on behalf of inmates who are now housed at HRYCI.

"The 'core component'" of the requirement that a litigant have standing to invoke the authority of a federal court "is an essential and unchanging part of the case-or-controversy requirement of Article III." *DaimlerChrysler Corp. v. Cuno*, – U.S.–, 126 S.Ct. 1854, 1861 (2006)(citations omitted). "A plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). Also, "a plaintiff must demonstrate standing separately for each form of relief sought." *DaimlerChrysler Corp.*, 126 S.Ct. at 1867 (citations omitted).

"Courts have consistently held that an inmate does not have standing to sue on behalf of his fellow prisons." *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981) (citations omitted); *see also Hassine v. Jeffes*, 846 F.2d 169 n.3 (3d Cir. 1988). Rather, a prisoner must allege a personal loss and seek to vindicate a deprivation of his own constitutional rights. *Id.* (citations omitted). Webb is only permitted to pursue this action on an individual basis, and he does not have standing to seek relief on behalf of "other inmates" currently housed at HRYCI. Based upon the foregoing, the court will dismiss without prejudice the claims against the defendants Governor Minner, Rivera, Newton, Danberg, and Taylor for lack of standing pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

**B. Medical Needs**

Paragraph 7 of the amended complaint alleges that CMS is deliberately indifferent to Webb's serious medical needs. More particularly, he alleges he requested testing for lead levels, including an ultrasound on his liver, but CMS only performed a blood test. Plaintiff alleges other tests should have been performed to determine if he is suffering from effects of lead contamination.

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). However, in order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A prison official may manifest deliberate indifference by "intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05. "[A] prisoner has no right to choose a specific form of medical treatment," so long as the treatment provided is reasonable. *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000). Finally, "mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Even when reading the complaint in the most favorable light to Webb, he fails to state an actionable constitutional claim against CMS for deliberate indifference to a serious medical need. Indeed, the complaint alleges Webb sought various tests for lead poisoning and CMS performed a blood test. Nonetheless, Webb alleges CMS exhibited deliberate indifference because it did not conduct an ultrasound on his liver. Webb's claim against CMS fails because he does not have a constitutional right to choose the type of medical care he receives. Accordingly, the court will dismiss without prejudice the claims against the defendant CMS as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and §

1915A(b)(1).

## IV. CONCLUSION

Based upon the foregoing analysis, the court will dismiss without prejudice all claims against defendants Governor Minner, Rivera, Newton, Taylor, and CMS for lack of standing and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Webb will be allowed to proceed on the remaining claims against the defendants Warden Williams, Supervisor Paul Paceco, John and Jane Doe(s), and former Warden Carr.  An appropriate order will be entered.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

Oct 30, 2007
Wilmington, Delaware

FILED

OCT 30 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILLIAM JOSEPH WEBB, JR. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-734-GMS |
| | ) |
| GOVERNOR RUTH ANN MINNER, | ) |
| ATTORNEY GENERAL CARL | ) |
| DANBERG, CORRECTIONAL | ) |
| MEDICAL SERVICES, DIRECTOR | ) |
| JAIME H. RIVERA, CHIEF MARVIN | ) |
| NEWTON, WARDEN RAFAEL | ) |
| WILLIAMS, COMMISSIONER | ) |
| STANLEY W. TAYLOR, SUPERVISOR | ) |
| PAUL PACECO, JOHN AND JANE | ) |
| DOE(S), and WARDEN SHERESE CARR, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

At Wilmington this 30th day of October, 2007, for the reasons set forth in the Memorandum issued this date,

1. The claims against the defendants Governor Ruth Ann Minner, Director Jaime H. Rivera, Chief Marvin Newton, Commissioner Stanley W. Taylor, and Correctional Medical Services are **DISMISSED** without prejudice for lack of standing and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). They are dismissed from this action.

2. The court has identified cognizable claims within the meaning of 28 U.S.C. § 1915A(b) against the defendants Warden Rafael Williams, Supervisor Paul Paceco, John and Jane Doe(s), and Sherese Carr. Webb is allowed to **PROCEED** against these defendants.

      3. Upon learning the identification of the Doe defendants, Webb shall immediately move the court for an order directing amendment of the caption and service of the amended complaint.

      IT IS FURTHER ORDERED that:

      1. The clerk of the court shall cause a copy of this order to be mailed to the plaintiff.

      2. Pursuant to Fed. R. Civ. P. 4(c)(2) and (d)(2), the plaintiff shall complete and return to the clerk of the court an **original** "U.S. Marshal-285" form for **each of the remaining defendants Warden Rafael Williams, Supervisor Paul Paceco, John and Jane Doe(s), and Sherese Carr** as well as for the Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to DEL. CODE ANN. tit. 10 § 3103(C). **The plaintiff has provided the court with copies of the amended complaint for service upon each of the remaining defendants. The plaintiff is notified that the United States Marshal will not serve the amended complaint until all "U.S. Marshal 285" forms have been received by the clerk of the court. Failure to provide the "U.S. Marshal 285" forms for the remaining defendant(s) and the attorney general within 120 days from the date of this order may result in the complaint being dismissed or defendant(s) being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

      3. Upon receipt of the form(s) required by paragraph 2 above, the United States Marshal shall forthwith serve a copy of the amended complaint (D.I. 11), this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon the defendant(s) identified in the 285 forms.

      4. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been

received from a defendant, the United States Marshal shall personally serve said defendant(s) pursuant to Fed. R. Civ. P. 4(c)(2) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver.

5. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the amended complaint within **sixty (60) days** from the date upon which the amended complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

6. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of service upon the parties or their counsel.

7. **NOTE:** *** When an amended complaint is filed prior to service, the court will **VACATE** all previous service orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

8. **NOTE:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
CHIEF, UNITED STATES DISTRICT JUDGE



-3-