# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 06-734-GMS |
| | ) | |
| GOVERNOR RUTH ANN MINNER, ATTORNEY GENERAL CARL DANBERG, CORRECTIONAL MEDICAL SERVICES, DIRECTOR JAIME H. RIVERA, CHIEF MARVIN NEWTON, WARDEN RAPHAEL[1] WILLIAMS, COMMISSIONER STANLEY W. TAYLOR, SUPERVISOR PAUL PACECO, JOHN AND JANE DOE(S), and WARDEN SHERESE CARR, | ) ) ) ) ) ) ) ) ) ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

## RAPHAEL WILLIAMS' ANSWER TO THE COMPLAINT

COMES NOW, defendant Warden Raphael Williams ("Answering Defendant") by and through his undersigned counsel, and hereby answers the Amended Complaint of the plaintiff, William J. Webb, Jr. ("Plaintiff"). (D.I. 11). Answering Defendant responds to the Complaint by paragraph as follows:

## STATEMENT OF CLAIM

1. The allegations in this paragraph are not directed to Answering Defendant and no response is required. To the extent that a response is required, the allegations are denied.

2. The allegations in this paragraph are not directed to Answering Defendant and no response is required. To the extent that a response is required, the allegations are denied.

---

[1] Improperly designated as Rafael in the Complaint.

3. The allegations in this paragraph are not directed to Answering Defendant and no response is required. To the extent that a response is required, the allegations are denied.

4. It is admitted that on April 27, 2006, Answering Defendant was served with the Complaint in the matter of *Seawright v. Williams, et al.* C.A. No. 05-576-GMS. It is admitted that Answering Defendant was the Deputy Warden of Howard R. Young Correctional Institution from February 23, 1997 to February 5, 1998. The remainder of the allegations in paragraph No. 4 are denied.

5. The allegations in this paragraph are not directed to Answering Defendant and no response is required. To the extent that a response is required, the allegations are denied.

6. The allegations in this paragraph are not directed to Answering Defendant and no response is required. To the extent that a response is required, the allegations are denied.

7. As to the first sentence, Answering Defendant is without sufficient information to affirm or deny the allegations as set forth. The remainder of the paragraph is not directed to Answering Defendants and states legal arguments or conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

8. The allegations in this paragraph are not directed to Answering Defendant and no response is required. To the extent that a response is required, the allegations are denied.

9. The allegations in this paragraph are not directed to Answering Defendant and no response is required. To the extent that a response is required, the allegations are denied.

10. The allegations in this paragraph are not directed to Answering Defendant and no response is required. To the extent that a response is required, the allegations are denied.

## RELIEF

It is specifically denied that Plaintiff is entitled to any monetary damages, punitive, compensatory, or otherwise. It is specifically denied that Plaintiff is entitled to injunctive or any other relief.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Plaintiff has failed to state a claim upon which relief can be granted.

2. Plaintiff has failed to exhaust his administrative remedies.

3. Answering Defendant is immune from liability under the Eleventh Amendment.

5. Answering Defendant is entitled to qualified immunity.

6. As to any claims under state law, Answering Defendant is entitled to immunity under the State Tort Claims Act, 10 *Del. C.* § 4001 *et seq.*

7. As to any claims under state law, Answering Defendant is entitled to sovereign immunity in his official capacity.

8. Answering Defendant cannot be held liable in the absence of personal involvement for the alleged constitutional deprivations.

9. To the extent that Plaintiff seeks to hold Answering Defendant liable based on supervisory responsibilities, the doctrine of *respondeat superior* or vicarious liability is not a basis for liability in an action under 42 *U.S.C.* § 1983.

10. Answering Defendant, in his official capacity, is not liable for alleged violations of Plaintiff's constitutional rights as he is not a "person" within the meaning of 42 *U.S.C.* § 1983.

11. Lack of jurisdiction over the person and subject matter.

12. This action is barred by the applicable statute of limitations.

WHEREFORE, the Answering Defendant respectfully requests that judgment be entered in his favor and against Plaintiff as to all claims and that attorney fees be awarded to the Answering Defendant.

**DEPARTMENT OF JUSTICE**
**STATE OF DELAWARE**

*/s/ Stacey X. Stewart* _____
Stacey X. Stewart, # 4667
Deputy Attorney General
Department of Justice
820 N. French Street, 6th Floor
Wilmington, De 19801
(302) 577-8400
stacey.stewart@state.de.us

Dated: April 10, 2008                    *Attorney for Raphael Williams*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 10, 2008, I electronically filed *Raphael Williams' Answer to the Complaint* with the Clerk of Court using CM/ECF. I hereby certify that on April 10, 2008, I have mailed by United States Postal Service, the document to the following non-registered participant:

    William Joseph Webb, Jr.
    SBI # 256056
    Delaware Correctional Center
    1181 Paddock Road
    Smyrna, DE 19977

                                      /s/ *Stacey X. Stewart*
                                      Stacey X. Stewart, # 4667
                                      Deputy Attorney General
                                      Department of Justice
                                      820 N. French St., 6th Floor
                                      Wilmington, DE 19801
                                      (302) 577-8400
                                      stacey.stewart@state.de.us