**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-734-GMS |
| | ) | |
| MINNER, et. al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

**OPPOSITION TO MOTION FOR DEFAULT JUDGMENT**

Defendant Raphael Williams, by and through undersigned counsel, hereby opposes Plaintiff's Motion for Default Judgment. (D.I.24). In support of his position, Defendant Raphael Williams states the following:

1.     Plaintiff William J. Webb, Jr. ("Plaintiff") is an inmate incarcerated at the Delaware Correctional Center in Smyrna, Delaware ("DCC").

2.     On December 5, 2006, Plaintiff filed a complaint pursuant to 42 U.S.C. 1983 against various State of Delaware officials, alleging that the water system at the Howard R. Young Correctional Institution ("HRYCI") is contaminated with lead.  D.I.2.

3.     The Complaint was dismissed *sua sponte* by the Court on May 4, 2007. D.I.10.  Plaintiff was given leave to amend his complaint within 30 days.  *Id.*

4.     Plaintiff then filed an amended complaint, which was docketed on May 31, 2007.  D.I.11.

5.     On October 30, 2007, the Court reviewed the Plaintiff's amended complaint and dismissed five of the named defendants *sua sponte*.  D.I.14.  Plaintiff was

directed to return USM 285 Marshall forms to the Clerk of Court.

6.      On December 21, 2007, the Clerk of Court made a docket entry that the USM 285 form had been returned executed as to Defendant Raphael Williams.  D.I.17.  Subsequently, on January 9, 2008, the Clerk of Court entered D.I.19, stating that Defendant Raphael Williams' USM 285 form was returned unexecuted.

7.      At the time that the USM 285 form was deemed executed for Raphael Williams, 204 days had passed from the time Plaintiff filed his Amended Complaint.

8.      On April 4, 2008, Plaintiff filed a Motion for Default Judgment as to Defendant Raphael Williams.  D.I.24.  In his Motion, Plaintiff asks for a minimum of $2.2 million in damages.  Plaintiff articulates no basis for this inflated number.

9.      Defendant Raphael Williams answered the Amended Complaint on April 11, 2008.  D.I.25.  He has not waived service.

10.      Due to noncompliance with Rule 4(m), and the docket's indication that Defendant Raphael Williams' service is defective, a motion for default judgment should not be entertained because personal jurisdiction over the nonmoving party has not been established.   "It is fundamental that before a court may impose upon a defendant a personal liability or obligation in favor of the plaintiff…it must have first obtained jurisdiction over the person of the defendant."  *Ayres v. Jacobs & Crumplar, P.A.*, 99 F.3d 565, 569 (3d Cir. 1996).

11.      Service upon a defendant is not a "technical nicety."  *Id at 567.*  "The failure of a plaintiff to obtain valid process from the court to provide it with personal jurisdiction over the defendant in a civil case is fatal to the plaintiff's case…. A district court must not only have subject matter jurisdiction over the litigation before it, but also

personal jurisdiction over the defendants." *Id at 569.*

12.    The Third Circuit Court of Appeals held in *Ayres v. Jacobs & Crumplar* that "good cause" must be shown for a plaintiff's failure to comply with the 120 day time limit dictated by Fed. R. Civ. P. 4(m).  "[I]nadvertence, 'half-hearted' efforts, and misplaced reliance does not constitute good cause." *Id. (internal citations omitted).* Plaintiff has not demonstrated good cause for his failure to comply with Rule 4(m).

13.    Moreover, although the docket reflects that Defendant Raphael Williams' USM 285 form was returned unexecuted, the Defendant has now filed an Answer. Therefore, Plaintiff's basis for filing for default judgment is moot.  A default judgment is disfavored where a decision on the merits can be reached.  *Harad v. Aetna Ca. and Ins. Co.*, 839 F.2d 979, 982 (3d Cir.1988).

WHEREFORE, based upon the reasons set forth above, Defendant respectfully requests that the Court deny Plaintiff's motion for default judgment.

**STATE OF DELAWARE**
**DEPARTMENT OF JUSTICE**


/s/ Catherine Damavandi
Catherine Damavandi, I.D. No. 3823
Deputy Attorney General
820 North French Street, 6th Floor
Wilmington, Delaware 19801
(302) 577-8400
Catherine.Damavandi@state.de.us
Attorney for Defendant Raphael Williams

DATE: April 18, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-734-GMS |
| | ) | |
| MINNER, et. al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## <u>ORDER</u>

AND NOW, this ____ day of _____, 2008, upon consideration of Defendant Raphael Williams's Opposition to Plaintiff's Motion for Default Judgment, IT IS HEREBY ORDERED that Plaintiff's Motion is DENIED.


_____
United States District Judge

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WILLIAM JOSEPH WEBB, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C. A. No. 06-734-GMS |
| | ) | |
| MINNER, et. al., | ) | JURY TRIAL REQUESTED |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2008 I electronically filed *Defendant Raphael Williams' Opposition to Plaintiff's Motion for Default Judgment* with the Clerk of Court using CM/ECF.  I further certify that on April 18, 2008, I caused the within document to be mailed to the following non-registered participant by United States Postal Service:

> William J. Webb, Jr., SBI#256056
> Delaware Correctional Center
> 1181 Paddock Road
> Smyrna, DE  19977

> /s/ Catherine Damavandi
> Deputy Attorney General, ID #3823
> Department of Justice
> 820 N. French Street, 6th Floor
> Wilmington, DE 19801
> (302) 577-8400
> Catherine.Damavandi@state.de.us
> Attorney for Defendant Raphael Williams